

# NUMBER 13-07-178-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CALVIN RAY HYDER,** **Appellant,**

**v.**

**INVESTIGATOR ISRAEL**
**BRIONES,** **Appellee.**

## On appeal from the 156th District Court of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

Appellant, Calvin Ray Hyder, an inmate with the Texas Department of Criminal Justice (TDCJ), appeals from an order dismissing as frivolous his suit against Investigator Israel Briones, an employee of the TDCJ. Hyder raises three issues on appeal. We affirm the dismissal.

In his first issue, Hyder, relying on federal rules and case law, asserts that the trial court erred in dismissing his suit without "issuing a summons upon [Briones] and requiring a response from [Briones]." Federal law, however, is inapplicable to this matter. Section 14.003 of the Texas Civil Practice and Remedies Code allows a court to dismiss a claim *before* service of process if the claim is frivolous—a finding the trial court made in the instant case.[1] The trial court determined that Hyder's appeal was frivolous because (1) the claim's realistic chance of ultimate success was slight and (2) it was clear that Hyder could not prove facts in support of the claim.[2] Hyder provides no argument as to why the trial court erred in making this determination. As a consequence, we overrule his first issue.

Hyder's second issue contends that the trial court erred in dismissing his suit without making findings of fact and conclusions of law. There is no indication in the record that Hyder filed an initial request for findings of fact and conclusions of law, as Texas Rule of Civil Procedure 296 demands.[3] Furthermore, Hyder's suit was summarily dismissed prior to any hearing or trial. Under these circumstances, the trial court had no duty to file findings of fact and conclusions of law.[4] Hyder's second issue is thus overruled.

In his third issue, Hyder argues that the trial judge should have disqualified himself because the judge had personal knowledge of the disputed facts and a personal interest in the outcome. Hyder has not articulated any basis that would justify disqualification. The grounds for disqualification are found in article V, section 11 of the Texas Constitution and

---

[1] T EX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002).

[2] *See id.* § 14.003(b)(1), (3).

[3] *See* TEX. R. CIV. P. 296.

[4] *See Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.–Tyler 1992, no writ).

rule 18b(1) of the Texas Rules of Civil Procedure.[5]  Hyder has failed to present any evidence indicating that these disqualification grounds have been met.  Accordingly, we overrule Hyder's third issue.

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 14th day of August, 2008.

---

[5]TEX. CONST. art. V § 11; TEX. R. CIV. P. 18b(1).